# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY ALAN ROWE, | |
| Petitioner, | CIVIL ACTION NO. 3:13-CV-02444 |
| v. | (JUDGE CAPUTO) |
| SUPT. NANCY GIROUX, et al., | (MAGISTRATE JUDGE MEHALCHICK) |
| Respondents. | |

## **MEMORANDUM**

Presently before the Court is Petitioner Gregory Alan Rowe's Motion for Reconsideration of the Court's decision to dismiss his § 2254 habeas petition as untimely. (Doc. 50.) For the reasons stated below, the Motion will be denied.

### I. Background

As the relevant facts are set forth in the August 23, 2016 Memorandum (Doc. 48), they will not be repeated at length herein.

Petitioner Gregory Alan Rowe was convicted before the Court of Common Pleas of Pike County of two counts of first degree murder, two counts of third degree murder, endangering the welfare of a child, and possession of an instrument of crime. *Commonwealth v. Rowe*, No. CP-52-CR-0000181-2004 (Pike County C.C.P.).[1] On February 8, 2006, Rowe was sentenced to two (2) consecutive life terms followed by eighteen (18) months to ten (10) years imprisonment. Rowe's conviction became final on

---

[1] A federal habeas court may take judicial notice of state court records. *See Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

March 27, 2008, ninety (90) days after the date on which the Pennsylvania Supreme Court denied Rowe's petition for allowance of appeal. Thus, absent any applicable tolling period, Rowe had until March 27, 2009 to timely file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A).

Rowe filed his first petition for collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA") in the Pike County Court of Common Pleas on December 15, 2008, thereby tolling the AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Counsel was appointed to represent Rowe with respect to his PCRA petition. The Court of Common Pleas denied Rowe's petition on December 23, 2009. Rowe appealed this decision up to the Pennsylvania Supreme Court, which denied his petition for allowance of appeal on July 25, 2011. The AEDPA's statute of limitations again began to run from this date.[2]

Rowe subsequently filed a motion for DNA testing pursuant to 42 Pa. Cons. Stat. Ann. § 9543.1, and a second PCRA petition with the Court of Common Pleas on September 6, 2011. However, despite Rowe's instructions to docket the two filings separately, the Court of Common Pleas construed Rowe's filings as only one motion for post-conviction DNA testing. Rowe's motion for DNA testing was denied on January 9, 2012 and, ultimately, the Pennsylvania Supreme Court denied Rowe's petition for

---

[2] As noted in the Court's prior Memorandum, the ninety (90) day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his PCRA petition "does not toll the one year limitations period set forth at 28 U.S.C. § 2244(d)(2)," *Stokes v. Dist. Att'y of Cty. of Phila.*, 247 F.3d 539, 543 (3d Cir. 2001), *cert. denied*, 543 U.S. 959 (2001), "especially where the state prisoner fails to file such a petition," *Hubley v. Superintendent, SCI Camp Hill*, 57 Fed. Appx. 927, 929 (3d Cir. 2003) (citing *Stokes*, 247 F.3d at 542-43). (*See* Doc. 48, at 7 n.4.)

allowance of appeal with respect to that motion on December 3, 2013.

Rowe filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 24, 2013. After the Magistrate Judge issued an initial Report and Recommendation on August 10, 2015, this Court found that part of Rowe's second post-conviction filings with the Court of Common Pleas should have been construed as a second PCRA petition, rather than only a motion for DNA testing. (*See* Doc. 24.) The Court rejected the Magistrate Judge's recommendation to deny Rowe's habeas petition as untimely, granted Rowe's motion for expansion of the record, and recommitted the matter to the Magistrate Judge for further proceedings. (Doc. 25.)

On June 1, 2016, the Magistrate Judge issued another Report and Recommendation, which recommended the Court dismiss with prejudice Rowe's habeas petition as time-barred. (*See* Doc. 42.) The Report and Recommendation noted that this was the first occasion for both the Magistrate Judge and this Court to consider the issue of timeliness with the benefit of full briefing, a complete record of the state court proceedings, and in light of the Court's decision to construe Rowe's second post-conviction filing as a second PCRA petition. (*See id.* at 6 n.4.) The Court adopted the Report and Recommendation and dismissed with prejudice Rowe's habeas petition. (Doc. 49.) The Court agreed with the Magistrate Judge's findings that Rowe's second PCRA petition was not "properly filed" because it was not filed within one year from the date on which his conviction became final. (*See* Doc. 48, at 8-9.) The Court further noted that "none of the exceptions to the PCRA's statute of limitations . . . apply here, nor did Rowe raise any of these exceptions on collateral review or in support of the instant habeas petition." (*Id.* at 9 n.6.)

On September 6, 2016, Rowe filed the instant Motion for Reconsideration. (Doc. 50.) In support of his Motion, Rowe argues that there is a need to correct a clear error of law or fact or to prevent a manifest injustice.

## II. Legal Standard

The scope of a motion for reconsideration is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not intended to give an unhappy litigant an additional chance to rehash or reargue issues which have already been considered and disposed of by the Court. *See Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). A losing party may not use a motion for reconsideration to raise new arguments that it could have raised previously, but did not. *See McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). Indeed, a motion for reconsideration is not a substitute for appeal nor a vehicle whereby a party may present arguments inexplicably omitted in prior proceedings. *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom.* 22 F.3d 303 (3d Cir. 1994), *cert. denied sub nom.*, 513 U.S. 1084 (1995). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments

considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database Am., Inc., v. Bellsouth Advert. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)).

"Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). In order to succeed on a motion for reconsideration, "the movant must demonstrate a 'definite and firm conviction that a mistake has been committed,' or that the court overlooked arguments that were previously made." *United States v. Berger*, Crim. No. 09-308, Civ. No. 15-1086, 2016 WL 2726600, at *1 (W.D. Pa. May 10, 2016) (quoting *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003)).

### III. Discussion

Rowe argues in the present Motion that the Court's August 23, 2016 Memorandum and Order adopting the Report and Recommendation of Magistrate Judge Mehalchick and dismissing with prejudice his § 2254 petition as time-barred contained a clear error of law or fact or resulted in a manifest injustice. (Pet.'s Mot. 4, Doc. 50.) Rowe rests his Motion on four separate grounds, arguing the Court clearly erred in: (1) applying the one-year filing requirement to his second PCRA petition when it should have applied the "new facts" exception; (2) finding that equitable tolling was not justified; (3) adopting a Report and Recommendation that dismissed Rowe's habeas petition as time-barred; and (4) finding that he failed to support his assertion that the "overwhelming evidence of guilt"

was "either unconstitutional/inadmissible; unreliable and speculative, and easily proven as untruthful, deceitful and a complete contradiction to the actual physical and corroborating evidence of innocence." Many of these arguments were raised in Rowe's objections to the Report and Recommendation (Doc. 47), considered by the Court, and rejected in its August 23, 2016 Memorandum and Order (Docs. 48 & 49).

### A. Rowe Argues the Court Erred in Finding That His Second PCRA Petition Was Not "Properly Filed"

Rowe's primary contention is that the Court erred in finding that his second PCRA petition was not "properly filed" for purposes of tolling the AEDPA's statute of limitations because it was filed over one year from the date on which his judgment became final. (Pet.'s Mot. 10-19.) Rowe argues that the Court should have applied the "new facts" exception to his second PCRA petition, which allows a PCRA court to accept a petition filed after the PCRA's one-year jurisdictional time bar if the petitioner alleges and proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa. Cons. Stat. Ann. § 9545(b)(1)(ii). If Rowe's second PCRA petition was "properly filed," then his habeas petition would be considered timely. (*See* Doc. 48, at 7.)

After considering Rowe's objections to the Report and Recommendation which raised this same argument (*see* Doc. 47, at 14-15), the Court concluded that an exception to the PCRA's jurisdictional time bar does not apply to Rowe's case. (Doc. 48, at 9 n.6.) Rowe fails to demonstrate that this conclusion was based on a clear error of law or fact or has resulted in a manifest injustice. Instead, Rowe reargues that his second PCRA petition alleged that his original PCRA counsel provided ineffective assistance,

and thus the facts forming the basis of his second PCRA petition's ineffective assistance claims could not have been discovered with due diligence prior to the Pennsylvania Supreme Court's denial of his petition for allowance of appeal on July 25, 2011. However, this argument is again without merit. *See Commonwealth v. Gamboa–Taylor*, 753 A.2d 780, 785-86 (Pa. 2000) (holding that an allegation of PCRA counsel's ineffectiveness could not be invoked as a newly-discovered "fact" for purposes of § 9545(b)(1)(ii)). Rowe has failed to demonstrate that the Court's conclusion that his second PCRA petition was untimely constituted a clear error or resulted in a manifest injustice. As such, the Court finds no basis for reconsidering its determination that Rowe's second PCRA petition does not constitute a "properly filed" application for state collateral review sufficient to toll the AEDPA's statute of limitations.[3]

## B. Rowe Argues That Equitable Tolling of the AEDPA's Statute of Limitations Is Justified

Rowe argues again, in the alternative, that the Court erred in finding no legal authority supported his claim for equitable tolling. (Pet.'s Mot. 19-24.) In support of this claim, Rowe generally rehashes the same factors that he raised in his objections to the Report and Recommendation, which the Court concluded were insufficient to justify equitable tolling. (*Compare* Doc. 47, at 19, *with* Doc. 50, at 24; *see* Doc. 48, at 14 n.7.) Rowe also raises a new ground in support of equitable tolling, arguing the state courts

---

[3] The Court notes again that the proper filing of a first PCRA petition does not toll the one-year timeliness requirement under the PCRA with respect to the filing of a successive PCRA petition. *See Commonwealth v. Davis*, 816 A.2d 1129, 1134-35 (Pa. Super. Ct. 2003). Thus, the PCRA's one-year jurisdictional time bar was not tolled when Rowe properly filed his first PCRA petition on December 15, 2008. (*See* Doc. 48, at 9 n.6.)

implied that his second PCRA petition was timely filed, and therefore he reasonably believed that the petition was timely pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b)(2). (Pet.'s Mot. 21-22.) As explained below, Rowe fails to demonstrate that the Court's prior decision finding equitable tolling inappropriate constituted a clear error or resulted in a manifest injustice.

First, Rowe argues that "unprofessional attorney conduct," which rises to the level of "egregious" neglect, may constitute an "extraordinary circumstance" that warrants equitable tolling of the AEDPA's statute of limitations. (Pet.'s Mot. 19-20.) This argument is merely an extension of the same argument Rowe raised in his objections to the Report and Recommendation (*see* Doc. 47, at 18), and is still without merit. It is well-settled that, in non-capital cases, attorney error is generally an insufficient basis for equitable tolling of the AEDPA's limitations period. *See Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004). Furthermore, Rowe's allegations fail to demonstrate egregious attorney neglect which prevented him from timely filing a federal habeas petition. *Cf. Holland v. Florida*, 560 U.S. 631, 652-54 (2010) (finding equitable tolling may be appropriate when egregious attorney neglect results in a failure to timely file a federal habeas petition despite a client's many admonitions to his attorney on the importance of doing so); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241-42 (3d Cir. 1999) (permitting equitable tolling when plaintiff's attorney affirmatively misrepresented that he had filed a complaint on plaintiff's behalf within the limitations period when he had not). And to the extent Rowe attempts to argue for the first time that his PCRA counsel "abandoned" him, the Court finds that such a claim has no merit. *See Daniels v. Walsh*, No. 12-3461, 2013 WL 5049775, at *6 (E.D.

Pa. Sept. 12, 2013) ("Petitioner's counsel certainly did not abandon him, as he properly pursued Petitioner's appeal through the PCRA Court, Superior Court, and Pennsylvania Supreme Court."). Rowe thus fails to show that the Court's prior opinion overlooked a salient argument or rested upon a clear error.

Second, Rowe argues that equitable tolling is warranted because the Pennsylvania state court which docketed his second PCRA petition implied that the petition was timely filed because it never expressly found the petition to be untimely. (Pet.'s Mot. 21-22.) In support of this proposition, Rowe cites to the Third Circuit's decision in *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80 (3d Cir. 2013). In *Jenkins*, the Third Circuit explained that a court's directive which implies that a pleading is timely filed might constitute an "extraordinary circumstance" justifying equitable tolling if it misleads a litigant and prevents him from timely filing his federal habeas petition. *See id.* at 90-91. Rowe did not raise this argument in his objections to the Report and Recommendation despite raising other grounds in support of equitable tolling. (*See* Doc. 47, at 18-29.) A motion for reconsideration is not an appropriate vehicle for advancing a new argument that could have been raised previously, but was not. *See McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). Nevertheless, Rowe's reliance on *Jenkins*, although not entirely without merit, is misplaced.

In *Jenkins*, the petitioner properly filed his PCRA petition on October 1, 2008. *Jenkins*, 705 F.3d at 83. At the time the PCRA petition was filed, 279 days of the AEDPA's 365-day limitations period had run. *Id.* at 85. The Court of Common Pleas

9

denied the petitioner's PCRA petition, and the Superior Court affirmed the denial on November 10, 2009. *Id.* at 83. Accordingly, the petitioner had until December 10, 2009 to file a petition for allowance of appeal with the Pennsylvania Supreme Court. *See id.* at 83, 85. On December 2, 2009, the petitioner filed a pleading with the Pennsylvania Supreme Court which, *inter alia*, requested an extension to file his petition for allowance of appeal. *See id.* at 83, 86. On December 10, 2009, the petitioner's 30-day window in which to file a petition for allowance of appeal with the state Supreme Court expired. *See id.* at 85. On December 16, 2009, the Pennsylvania Supreme Court issued a defective filing notice to the petitioner which informed him that his pleading failed to comply with certain rules of appellate procedure. *Id.* at 83. The notice, however, did not indicate that the pleading was untimely. *See id.* at 83, 90. Instead, the notice implied that the pleading, if perfected, would hold a place for the petitioner on the Supreme Court's *allocatur* docket, which would continue to toll the AEDPA's limitations period. *See id.* at 90. The petitioner perfected his pleading on December 29, 2009. *Id.* at 83. However, the Pennsylvania Supreme Court subsequently denied the pleading on April 27, 2010, in an unpublished *per curiam* order without an opinion.[4] *Id.* at 83-84. The petitioner swiftly filed a federal habeas petition with this Court on May 7, 2010, which was dismissed as untimely. *Id.* at 84. This Court concluded that the petitioner's PCRA petition stopped pending when time to file an appeal with the Pennsylvania Supreme Court expired on December 10, 2009, that the petitioner's December 2, 2009 pleading was not "properly

---

[4] The Pennsylvania Supreme Court's order provided no indication about whether it denied the petitioner's pleading as untimely, improperly filed, or on the merits. *Jenkins*, 705 F.3d at 86.

filed" for purposes of tolling the AEDPA's limitations period, and thus the federal habeas petition was untimely. *See Jenkins v. Superintendent of Laurel Highlands*, No. 3:CV-10-0984, 2010 WL 4623859, at *4 (M.D. Pa. Nov. 3, 2010).

On appeal, the Third Circuit explained that the petitioner was likely entitled to equitable tolling of the AEDPA's limitations period because the defective filing notice misled the petitioner into thinking his December 2nd pleading would be deemed timely filed so long as he perfected the defects specified therein.[5] *See id.* at 90 ("[B]y explicitly directing [petitioner] to cure certain filing defects, the notice implied that his pleading otherwise satisfied the Rules not referenced therein. . . ."). Relying on this notice, the petitioner perfected his pleading and waited for the Pennsylvania Supreme Court's decision under the reasonable assumption that his now-perfected pleading was properly before the state Supreme Court and tolling the AEDPA's limitations period. *See id.* That is, the notice's implicit suggestion of timeliness misled the petitioner into believing that his right to file a federal habeas petition was being preserved. Under these circumstances, the *Jenkins* court noted that the petitioner made a "strong showing for equitable tolling." *Id.* at 85.

The circumstances in the present case, although similar in some respects, differ materially. Unlike Rowe, the *Jenkins* petitioner received an explicit directive from the state court which misled him into believing that once he perfected his pleading, it would be deemed properly filed and therefore toll the AEDPA's limitations period. *See also*

---

[5] Because the Third Circuit concluded that the petitioner's December 2nd pleading statutorily tolled the AEDPA's limitations period, the court's equitable tolling analysis was not dispositive. *See Jenkins*, 705 F.3d at 88-89.

*Copeland v. Wingard*, No. 14-5754, 2015 WL 6688073, at *7-*8 (E.D. Pa. Sept. 21, 2015) (finding equitable tolling appropriate where, *inter alia*, the PCRA court sent petitioner a letter stating his second PCRA petition would be timely if he resubmitted it, but subsequently concluding that the petition was untimely). As such, it would have been inequitable to prohibit the *Jenkins* petitioner from filing a habeas petition due to his reasonable reliance on a directive from the state Supreme Court which implicitly represented that his pleading was timely. Notably, at the time the petitioner received the misleading notice, the AEDPA's limitations period had not yet expired, and his reliance on the notice thus served to prevent the petitioner from filing his habeas petition within the one-year limitations period.

The same cannot be said of Rowe. The PCRA court did not mislead Rowe regarding the steps he needed to take to preserve a claim. *Cf. Munchinski v. Wilson*, 694 F.3d 308, 329-30 (3d Cir. 2012). Additionally, the PCRA court never sent a directive to Rowe that implied his second PCRA petition was timely filed, or that it would be considered timely filed if Rowe corrected certain technical defects. *Cf. Jenkins*, 705 F.3d at 90; *Copeland*, 2015 WL 6688073, at *7-*8; *see also Pliler v. Ford*, 542 U.S. 225, 235 (2004) (O'Connor, J., concurring) ("[I]f the petitioner is affirmatively misled, either by the court or by the State, equitable tolling might well be appropriate."). The Court recognizes that improper docketing at the state court likely contributed to the PCRA court's failure to expressly acknowledge that Rowe's second PCRA petition was not timely filed. However, the Court cannot conclude that it committed a clear error in finding equitable tolling of the AEDPA's limitations period inappropriate in Rowe's case.

Lastly, in support of equitable tolling Rowe generally rehashes the same arguments that he raised in his objections to the Report and Recommendation, which have already been considered and rejected by the Court. (*See* Pet.'s Mot. 23-24.) In so doing, Rowe fails to demonstrate that the Court's prior decision contained a clear error of law or fact or resulted in a manifest injustice. As such, these arguments provide no basis for granting a motion for reconsideration.[6]

## C. Rowe Argues That the Court Erred in Adopting the Magistrate Judge's Report and Recommendation

Rowe again argues that the Court erred in finding his habeas petition untimely because the Court previously issued a Memorandum which, *inter alia*, initially found that his habeas petition was timely filed. (Pet.'s Mot. 25-29; *see* Doc. 24, at 14-15.) Rowe already presented this argument in his objections to the Report and Recommendation (*see* Doc. 47, at 2-11), and it was considered by the Court prior to rendering its August

---

[6] To the extent Rowe contends that the Court erred in not addressing his exhaustion argument (Pet.'s Mot. 14-16), Rowe still presents no grounds to support either statutory or equitable tolling based on the fact that he believed he needed to file a second PCRA petition in order to exhaust certain claims. First, Rowe's ineffective assistance claims against his PCRA counsel "are not cognizable on federal habeas review in the first place," and therefore there was nothing to exhaust. *Green v. Klopotoski*, No. 08-5581, 2009 WL 4582019, at *10 n.14 (E.D. Pa. Dec. 3, 2009) (citing *Tillet v. Freeman*, 868 F.2d 106, 107-08 (3d Cir. 1989)). Second, to the extent Rowe's second PCRA petition raised cognizable federal constitutional claims for the first time due to error on the part of his PCRA counsel, "attorney misconduct does not warrant equitable tolling merely because it requires the petitioner to file a second PCRA petition, even if the AEDPA limitations period runs while the second PCRA is pending, because nothing prevents the petitioner from filing a federal habeas petition at the same time." *Id.* at *10. The fact that Rowe is proceeding *pro se* does not excuse his untimeliness, and the fact that he arguably pursued his state remedies diligently does not excuse his delay in pursuing his federal rights. *See id.* at *10-*11.

23, 2016 Memorandum and Order.

While the Court did initially find Rowe's habeas petition timely filed, this conclusion was made prior to any briefing on the issue of timeliness in light of the Court's decision to construe Rowe's second post-conviction filing as a second PCRA petition.[7] (*See* Docs. 33 & 40.) The Magistrate Judge properly noted that its June 1, 2016 Report and Recommendation was the first opportunity for either the Magistrate Judge or this Court to consider whether Rowe's second PCRA petition was timely filed with the benefit of full briefing. (Doc. 42, at 6 n.4.) Moreover, the Magistrate Judge correctly noted that Respondents' response was their first opportunity to raise a timeliness argument after the Court construed Rowe's second post-conviction filing as a second PCRA petition, rather than only a motion for DNA testing. (*Id.*) Furthermore, Rowe had the opportunity to respond to the Respondents' timeliness argument in both his reply (Doc. 40) and objections (Doc. 47) to the Report and Recommendation.

The Court reviewed the parties' briefs and concurred with the Magistrate Judge's opinion that Rowe's second post-conviction filing–now being construed as a second PCRA petition–was not timely filed, and consequently Rowe's habeas petition was not timely filed. (Doc. 48, at 5.) The determination that Rowe's second PCRA petition was untimely is not a clear error of law, and the Court does not find that its decision to adopt the Magistrate Judge's Report and Recommendation dismissing Rowe's habeas petition as untimely constituted a clear error. Accordingly, Rowe's rehashed argument does not

---

[7] The Court explicitly stated in its August 23, 2016 Memorandum that the instant Memorandum was controlling to the extent that it conflicted with the Court's October 14, 2015 Memorandum on the issue of timeliness. (Doc. 48, at 5 n.3.)

provide a basis for granting the instant Motion for Reconsideration.

**D.     Rowe Argues That the Court Erred in Finding His Actual Innocence Claim Insufficiently Supported**

Rowe's final argument contends the Court erred in finding that he failed to support his assertion that the "overwhelming evidence of guilt" was "either unconstitutional/inadmissible; unreliable and speculative, and easily proven as untruthful, deceitful and a complete contradiction to the actual physical and corroborating evidence of innocence." (Pet.'s Mot. 29-30.) However, Rowe only asserts that he, in fact, sufficiently supported his claim of actual innocence, and the Court's conclusion to the contrary was mistaken. Rowe fails to demonstrate the existence of any clear error. Because Rowe offers no reason for the Court to conclude its opinion contained a clear error or resulted in a manifest injustice with respect to this claim, his final argument also does not satisfy the stringent standard for granting a motion for reconsideration.

## IV. Conclusion

For the above stated reasons, Rowe has failed to demonstrate that the Court's prior opinion contained a clear error of law or fact or that a manifest injustice will result if the Court does not reconsider its decision. Accordingly, Rowe's Motion for Reconsideration (Doc. 50) will be denied.

An appropriate order follows.

March 1, 2017                                             /s/ A. Richard Caputo
Date                                                              A. Richard Caputo
                                                                       United States District Judge

15