# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY ALAN ROWE<br><br>Petitioner,<br><br>v.<br><br>SUPT. NANCY GIROUX, et al.,<br><br>Respondents. | CIVIL ACTION NO. 3:13-CV-02444<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is Petitioner Gregory Alan Rowe's Motion to Alter or Amend Judgment (*Doc*. 65). This motion, construed as a motion to reconsider my denial of Petitioner's Rule 60 Motion (*Doc*. 64), will be denied because there has been no clear error of law or fact that would result in manifest injustice.

## **I. Background**

Petitioner Gregory Alan Rowe was convicted before the Court of Common Pleas of Pike County of: (1) two counts of first degree murder; (2) two counts of third degree murder; (3) endangering the welfare of a child; and (4) possession of the instrument of a crime. *See Commonwealth v. Rowe*, No. 52-CR-0000181 (Pike County C.C.P. 2004). As a result, he was sentenced to two consecutive life terms followed by eighteen months to ten years imprisonment.

Rowe appealed his convictions with no success. On March 27, 2008 – following various appeals – Rowe's conviction became final.[1] Absent any applicable tolling period, Rowe had until March 27, 2009 to timely file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A) (providing a one-year limitations period to file a habeas petition.)

---

[1] Rowe's state appeal process ended when the Pennsylvania Supreme Court denied his petition for allowance of appeal on December 28, 2007. Ninety days after this date, Rowe's period to seek certiorari in the United States Supreme Court ended and his conviction was finalized.

**B.	PCRA Filings**

Rowe filed his first petition for collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA") in the Pike County Court of Common Pleas on December 15, 2008 with the support of counsel. This petition tolled AEDPA's one-year statute of limitations. See 28 U.S.C. §2244(d)(2). The Court of Common Pleas denied Rowe's petition on December 23, 2009. Rowe appealed this decision to the Pennsylvania Supreme Court, which denied his petition on July 25, 2011. AEDPA's statute of limitations began to run following the denial of his appeal.

Next, Rowe filed a Motion for DNA testing pursuant to 42 Pa. Cons. Stat. Ann. § 9543.1, and a second PCRA petition on September 6, 2011. However, despite Rowe's instructions to docket the two filings separately, the Court of Common Pleas construed Rowe's filings as a single motion for post-conviction DNA testing.[2] Rowe's motion for DNA testing was denied on January 9, 2012, and the Pennsylvania Supreme Court denied Rowe's petition for allowance of appeal with respect to that motion on December 3, 2013.

**C.	Filing for Habeas Relief**

Rowe filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on September 24, 2013. (*Doc*. 1.) Magistrate Judge Mehalchick issued a Report and Recommendation ("R&R") on August 10, 2015, recommending that Rowe's Petition be dismissed with prejudice and that his Motion for an expansion of the record be denied as moot. (*Doc*. 19.) Upon review of Magistrate Judge Mehalchick's R&R, I concluded that part of Rowe's second post-conviction filings with the Court of Common Pleas should have been construed as a second PCRA petition, rather than as a single motion for DNA testing. (*See Doc*. 24.) Therefore, I rejected Magistrate Judge Mehalchick's recommendation and allowed Rowe to proceed with his claim. (*Doc*. 25.)

---

[2]	This distinction is important because AEDPA's limitations period does not toll upon the filing of a Motion for DNA testing.

2

On June 1, 2016, Magistrate Judge Mehalchick issued a second R&R, which recommended that I dismiss Rowe's habeas petition with prejudice as time-barred. (*See Doc*. 42.) This was the first occasion the issue of timeliness was considered with the benefit of full briefing, a complete record of the state court proceedings, and in light of my decision to construe Rowe's second post-conviction filing as a second PCRA petition. (*See id*. at 6 n.4.) At that time, I adopted the R&R and dismissed Rowe's habeas petition with prejudice. (*Doc*. 49.) I agreed with Magistrate Judge Mehalchick's finding that Rowe's second PCRA petition was not "properly filed" because it was not filed within one-year of the date on which his conviction became final.[3] (*See Doc*. 48, at 8-9.) I explained that "none of the exceptions to the PCRA's statute of limitations . . . apply here, nor did Rowe raise any of these exceptions on collateral review or in support of the instant habeas petition." (*Id.* at 9 n.6.)

**D.    Reconsideration of Rowe's Habeas Petition**

On September 6, 2016, Petitioner filed a Motion for Reconsideration (Doc. 50.) This Motion was denied on March 1, 2017 after I, again, fully considered: (1) whether Rowe's second PCRA was properly filed; (2) whether equitable tolling was justified; (3) whether the Court erred in adopting the Report and Recommendation; and (4) whether there was sufficient evidence to support a claim of actual innocence. (*Doc*. 54.)

Petitioner was denied a Certificate of Appealability by the Third Circuit on January 11, 2018. (*Docs*. 56, 58.)

---

[3]    As stated earlier, Petitioner's conviction became final on March 27, 2008. Absent any tolling period, he had until March 27, 2009 to file his Habeas petition. On December 15, 2008, he filed a PCRA petition, thereby tolling the limitations period until July 25, 2011 when the PCRA petition was officially denied. From July 25, 2011, he now had 102 days (365 minus the 263 which passed before he filed the PCRA petition) to file his Habeas petition. This means, absent any additional tolling period, he had to file by November 4, 2011. Rowe filed a second PCRA petition, which would have tolled the limitations period again, but Magistrate Judge Mahelchick found, and I agreed, that this second petition was improperly filed. Therefore, when Petitioner filed his petition for habeas corpus on September 24, 2013 he was 690 days past the deadline.

3

On March 1, 2018 Petitioner filed a Motion for Relief under Federal Rule of Civil Procedure 60 (Doc 59.) He claimed that I "mistakenly or inadvertently misapplied" the statute of limitations to find his claim time-barred. This Motion was denied on April 20, 2018 after I found that Petitioner's Motion was improperly raised.

Now, Petitioner has filed a Motion to Alter or Amend Judgment—that will be construed as a motion for reconsideration—asking me to modify my April 20, 2018 Order. This Motion is ripe for review.

## II. Legal Standard

The scope of a motion for reconsideration is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A judgment may be altered or amended if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).[4]

A motion for reconsideration is not intended to give an unhappy litigant an additional chance to rehash or reargue issues which have already been considered and disposed of by the Court. *See Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). A losing party may not use a motion for reconsideration to raise new arguments that it could have raised previously, but did not. *See McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). Indeed, a motion for reconsideration is not a substitute for appeal nor a vehicle whereby a party may present arguments inexplicably omitted in prior proceedings. *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom*. 22 F.3d 303 (3d Cir. 1994), *cert. denied sub nom*., 513 U.S. 1084 (1995). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and

---

[4] Here, Petitioner does not suggest there has been an intervening change in the law or that new evidence has recently become available. Rather, Petitioner focuses on perceived errors of law and fact that do support the instant Motion.

4

arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database Am., Inc., v. Bellsouth Advert. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)).

"Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly*." Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). In order to succeed on a motion for reconsideration, "the movant must demonstrate a 'definite and firm conviction that a mistake has been committed,' or that the court overlooked arguments that were previously made." *United States v. Berger,* Crim. No. 09-308, Civ. No. 15-1086, 2016 WL 2726600, at *1 (W.D. Pa. May 10, 2016) (quoting *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003)).

### III. Discussion

Rowe believes my April 20, 2018 Order, which denied his Motion for Relief under to Federal Rule of Civil Procedure 60(b), was improperly decided and offers three reasons to justify his position. First, he argues the cases cited in that Order do not support the denial of a Rule 60(b) Motion. Second, he contends that this Court has jurisdiction and discretion to grant Rule 60(b) relief. And third, he suggests that several mistakes in my March 1, 2017 Order infected his case, which led to the denial of his Motion.

Rowe's arguments lack merit. It is "well established that 'a Rule 60(b) Motion may not be used as a substitute for appeal and that legal error, without more, cannot justify granting a Rule 60(b) Motion.'" *Selkridge v. United of Omaha Life Ins. Co.* 237 F. Supp. 2d 600, 602 (D.V.I. 2002) (citing *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988), *aff'd*, 360 F.3d 155 (3d Cir. 2004); *see also United Stated v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Rowe's suggestion otherwise is simply incorrect. Next, at no point has this Court suggested it lacked jurisdiction to consider Rowe's Rule 60(b) Motion. In fact, the Motion was considered and denied. Finally, Rowe has raised issues related to the

validity of my March 1, 2017 Order. However, these issues have been disposed of. Rowe took full advantage of the appeals process following the denial of his first Motion for Reconsideration: he filed an appeal in the Third Circuit and he filed for Rule 60 relief in this Court. Therefore, the mistakes Rowe alleges that exist in the March 1, 2017 Order have already been addressed.[5]

For the above reasons, Petitioner's motion to reconsider the denial of his Rule 60(b) Motion will be denied.

### IV. Conclusion

For the above stated reasons, Rowe has failed to demonstrate that my April 20, 2018 Order contained a clear error of law or fact or that a manifest injustice would result if it remained undisturbed. Therefore, Rowe's Motion will be denied.

An appropriate order follows.

July 3, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

---

[5] This Court fully considered: (1) whether Rowe's second PCRA petition was properly filed; (2) whether equitable tolling was justified; (3) whether the Court erred in adopting the Report and Recommendation; and (4) whether there was sufficient evidence to support a claim of actual innocence. (*Doc*. 54.)